MORRISON, INC., Plaintiff-Appellant,
Cross-Appellee,

v.

Raymond J. DONOVAN, et al., Defend-
ant-Appellee, Cross-Appellant.

No. 82–7165.

United States Court of Appeals,
Eleventh Circuit.

March 21, 1983.

Rehearing and Rehearing En Banc
Denied June 2, 1983.

John E. Fountain, Mobile, Ala., Power & McDonald, Thomas W. Power, Robert D. McDonald, Washington, D.C., for plaintiff-appellant, cross-appellee.

Beate Bloch, U.S. Dept. of Labor, Gregory O'Duden, Washington, D.C., for defendant-appellee, cross-appellant.

Before RONEY and CLARK, Circuit Judges, and TUTTLE, Senior Judge.

RONEY, Circuit Judge:

This case presents the identical issue as *Davis Brothers, Inc. v. Marshall,* 700 F.2d 1368 (11th Cir.1983), which we have decided today: whether an employer must give his employees a choice between cash and board before deducting from the cash component of the minimum wage the reasonable cost of furnishing the board. As in *Davis Brothers,* the district court here answered the question in the affirmative, upholding the position of the Secretary of Labor. The two cases were consolidated on appeal for oral argument. For the reasons given in *Davis Brothers,* we reverse the district court on the merits.

The facts are virtually identical to those set out in *Davis Brothers.* Briefly, Morrison, Inc., like Davis Brothers, Inc., operates public cafeterias and buffet restaurants. In November 1979 Morrison changed its meal plan for employees working at the cafeterias and buffet restaurants. Rather than allow employees to purchase meals at prices lower than retail while paying them the full minimum wage in cash, Morrison began deducting the cost of the meals from the cash component of the minimum wage. Morrison operates food service units at which it has been following a similar meal policy since June 1968.

■ As in *Davis Brothers,* the Secretary does not claim that Morrison has deducted more than the reasonable cost of the meals or that the food provided is unhealthy or in any other way inadequate. The only question raised by Morrison's appeal is whether section 3(m) of the Fair Labor Standards Act, 29 U.S.C.A. § 203(m), provides the Secretary with a statutory basis for requiring the company to give its workers a choice between cash and board. As explained in *Davis Brothers,* we hold it does not.

Although *Davis Brothers* controls the disposition of Morrison's appeal, the Secretary has cross-appealed in this case, presenting an issue not raised in *Davis Brothers.* After upholding the Secretary's voluntary choice requirement on June 15, 1981, the district court, on post judgment motions for clarification by both parties, ruled on February 19, 1982 that the Secretary could not require Morrison to pay employees the amount deducted for meals prior to the June 15 order. Although our resolution of the merits renders unnecessary any decision on the propriety of the district court's ruling on retroactivity, in the interest of judicial efficiency, we decide the issue now so that if our decision on the merits is reversed on further appeal, this issue will properly be before the reviewing court.

■ The Supreme Court has established three questions a court must ask in deciding whether to deny retroactive effect to a nonconstitutional judicial decision. First, does the decision establish a new principle of law? Second, will retroactive application further or retard the decision? Third, will a retroactive effect cause injustice or hardship?

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.'

...

*Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971) (citations omitted).

The first and third factors strongly support the district court's denial of retroactive application. In regard to the first factor, the legality of the choice requirement evidently had never been definitively decided. The only prior decision on point that we have discovered, *Marshall v. New Floridian Hotel, Inc.,* 24 Wage & Hour Cas. (BNA) 530, 539 (S.D.Fla.1979), *aff'd on other grounds sub nom., Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468 (11th Cir.1982), was not binding on the *Morrison* district court.

■ With respect to the third factor, the district court properly determined that retroactive application would be unfair. Morrison had been deducting the reasonable cost of meals in its food service units since 1968 and in its cafeterias and buffet restaurants since 1979. The Secretary did not inform the company that he considered the policy unlawful until 1981. Although the Secretary argues that the regulation requiring a voluntary and uncoerced acceptance had been on the books for years, the discus-

sion in *Davis Brothers* shows that the regulation was not at all clear. If Morrison must now pay its employees all the cash wages deducted, the employees will receive double compensation, having already been provided the meals at no cost other than the paycheck deduction. Presumably there is no way the employer could now charge the employees for the meals they received. The district court properly refused to permit this inequitable result.

■ The fact that the retroactivity issue had not been briefed below does not constitute reversible error as argued by the Secretary. That no enforcement action for back wages had been taken is of no consequence since this was an action for declaratory judgment.

■ Once the court decided that the Secretary could impose a choice requirement, however, Morrison was on notice that it could not require employees to accept some of their wages in the form of meals. Although it is far from clear whether it could be a one-time choice at the time of employment, or at some subsequent time, or whether the choice had to be offered on a meal-by-meal basis, or something in between, it was clear that the employees after June 15 had to be offered some choice. We do not agree with Morrison that the June 15 order failed to make apparent the court's upholding of the choice requirement. If we were to affirm the district court on the merits, the Secretary could order Morrison to pay the cash minimum wage to employees who were not given some choice between cash or meals after June 15. We thus affirm the judgment of the district court on the cross appeal.

REVERSED.

CLARK, Circuit Judge, dissenting:

For the reasons given in my opinion in *Davis Brothers, Inc. v. Raymond J. Donovan,* 700 F.2d 1368 at 1372 (11th Cir. 1983), I dissent in the present case insofar as it presents the same issue.

Morrison's cafeterias began the policy of deducting meal costs from employees' wages in late 1979. As in *Davis Brothers,* so recent an adoption of the policy does not suggest custom. Morrison's application of the same policy to the employees of its food service units, beginning in June 1968, is more nearly suggestive of custom.