**UNITED TEACHERS–LOS ANGELES,**
**Plaintiff-Appellee,**

v.

**BOARD OF EDUCATION OF the CITY OF LOS ANGELES, et al.,**
**Defendants-Appellants.**

No. 82–5360.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 6, 1983.

Decided Aug. 12, 1983.

Steven J. Carnevale, Los Angeles, Cal., for defendants-appellants.

Richard Schwab, Law Offices of Lawrence B. Trygstad, Los Angeles, Cal., for plaintiff-appellee.

Before SKOPIL, NELSON and CANBY, Circuit Judges.

PER CURIAM.

FACTS AND PROCEEDINGS BELOW

Pursuant to a collective bargaining agreement, the Board of Education of the

City of Los Angeles ("BELA") offers its teaching employees a choice of five different health insurance or health maintenance plans. All plans cover both employees and their spouses for most medical treatments, including pregnancy-related conditions. None of the plans, however, cover medical services related to pregnancy of male employees' spouses at the same levels as other medical conditions of employees' spouses.

The United Teachers of Los Angeles ("UTLA") sought prospective injunctive relief requiring BELA to provide insurance coverage for pregnancy-related medical expenses for the spouses of male teachers at the same level that non-pregnancy-related benefits are provided for the spouses of all teachers. The district court concluded that Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the amendments thereto known as the Pregnancy Discrimination Act, 42 U.S.C. § 2000e–(k) ("PDA"), requires insurance benefits be provided for the employees' spouses for pregnancy-related medical conditions at the same level as coverage for other medical conditions. The district court issued an injunction compelling BELA to amend the health insurance benefit plans offered to their teaching employees.

BELA sought a stay of the injunction pending this appeal. Their request was denied by the trial court, but granted by this court. BELA now appeals the merits of the district court decision.

## DISCUSSION

The effect of the PDA on insurance coverage for pregnancies of spouses of male employees has been authoritatively answered by the Supreme Court. Title VII of the Civil Rights Act of 1964, as amended by the PDA, requires employers to provide medical benefits for pregnancy-related medical conditions of employees' spouses at the same level as coverage is provided generally to spouses. *Newport News Shipbuilding & Dry Dock Co. v. Equal Employment Opportunity Commission,* 462 U.S. ——, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983). A decision of this court to the contrary has been vacated.

*Equal Employment Opportunity Commission v. Lockheed Missiles and Space Co., Inc.,* 680 F.2d 1243 (9th Cir.1982), *vacated,* —— U.S. ——, 103 S.Ct. 3530, 76 L.Ed.2d —— (1983).

The decision of the district court is AFFIRMED.