**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,**

v.

**ATLANTA GAS LIGHT COMPANY, Defendant-Appellant.**

No. 84–8051.

United States Court of Appeals, Eleventh Circuit.

Jan. 28, 1985.

J. Lewis Sapp, Thomas A. Pogue, Atlanta, Ga., for defendant-appellant.

Justine Lisser, EEOC, Washington, D.C., for plaintiff-appellee.

Before VANCE and ANDERSON, Circuit Judges, and PITTMAN *, District Judge.

VANCE, Circuit Judge:

Atlanta Gas Light Company appeals the district court's holding that the Supreme Court's recent decision in *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983), should be given retroactive effect. We affirm.

From 1976 to 1983, Atlanta Gas Light Company provided a group hospitalization plan to its employees which afforded female employees full insurance coverage for pregnancy-related conditions, but which required male employees to pay an extra premium for the pregnancy-related expenses of their wives. The EEOC brought suits challenging this and similar programs under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e–17, as amend-ed by the Pregnancy Discrimination Act of 1978 (PDA), 42 U.S.C. 2000e(k) [1]. The district court found for Atlanta Gas Light on summary judgment, and the EEOC appealed. While the appeal was pending before this court, the Supreme Court held in *Newport News* that Title VII prohibits employers from discriminating against male workers by singling out their wives' pregnancy-related expenses for unfavorable health insurance coverage. Based on *Newport News*, a panel of this court summarily reversed.

On remand, the district court ordered Atlanta Gas Light to compensate those of its male employees who had suffered unfavorable treatment under its pregnancy policy for the losses that they had incurred as of the effective date of the PDA [2]. Atlanta Gas Light now challenges that order, claiming that it should be held liable only as of the date on which *Newport News* was rendered, rather than the date on which the PDA became effective [3]. Both parties agree that the three-part test for nonretroactivity set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971) frames our inquiry.

The general rule at common law is to give judicial decisions retroactive effect. In the mid-1960's, the Supreme Court began to expand the exceptions to this basic principle for those criminal procedure cases

---

* Honorable Virgil Pittman, U.S. District Judge for the Southern District of Alabama, sitting by designation.

1. 42 U.S.C. § 2000e(k) reads in relevant part: (k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e–2(h) of this title shall be interpreted to permit otherwise. . . .

2. The court ordered Atlanta Gas Light to do the following; "reimburse every male employee and every former male employee for all insurance premiums paid for the supplemental pregnancy coverage ... between April 29, 1979, and June 20, 1983, plus interest of twelve percent per annum", and "reimburse every male employee and every former male employee who elected dependent coverage [but not supplemental pregnancy coverage] for the medical and hospital costs for the pregnancy of his wife and resulting childbirth which have not heretofore been reimbursed ... plus twelve percent per annum. Those expenses which Defendant must reimburse under this Order are limited to expenses incurred between April 29, 1979 and June 20, 1983."

3. Atlanta Gas Light changed its policy to comport with *Newport News* as of the date on which that decision was announced.

in which it was creating new constitutional rules. *See, e.g., Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *see United States v. Johnson,* 457 U.S. 537, 542, 102 S.Ct. 2579, 2583, 73 L.Ed.2d 202 (1982). In 1971, the Court further expanded the scope of its nonretroactivity doctrine in *Huson* when it found that retroactive application may also be inappropriate in a narrow range of civil cases according to the following three criteria:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Huson,* 404 U.S. at 106–07, 92 S.Ct. at 355 (citations omitted). Since then, the Court has found nonretroactivity to be appropriate in two Title VII cases, *Los Angeles Dep't of Water & Power v. Manhart,* 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1978), and *Arizona Governing Committee for Tax Deferred Annuity & Deferred Compensation Plans v. Norris,* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983). The defendant argues that the Court's application of the *Huson* factors in those cases dictates an identical result here.

We believe, however, that such a conclusion would derive from a misunderstanding of the controlling factors in *Manhart* and *Norris.* As an initial matter, both of those opinions emphasized the continuing validity of *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975), which established a strong presumption of retroactivity in Title VII cases. In *Norris,* the Court reaffirmed that "retroactive relief is normally appropriate in the typical Title VII case", 463 U.S. at ——, 103 S.Ct. at 3510, and in *Manhart* the Court stated that "[t]he *Albemarle* presumption in favor of retroactive liability can seldom be overcome." 435 U.S. at 719, 98 S.Ct. at 1381. In our view, those aspects of *Norris* and *Manhart* which overcame that presumption do not exist in this case.

First, the defendant is unable to show that the issue on which he lost was one "of first impression whose resolution was not clearly foreshadowed." In both *Manhart* and *Norris,* the Court emphasized that its resolution of the issues would have been so difficult to predict that it would be unreasonable to penalize those defendants for not having changed their policies ahead of time. According to the Court's own opinion in *Newport News,* however, the situation is quite different here. The Court noted in that case that Congress' passage of the PDA resulted in large part from its disapproval of the Court's previous decision in *General Elec. Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). In the Court's words, "Although *Gilbert* concluded that an otherwise inclusive plan that singled out pregnancy-related benefits for exclusion was nondiscriminatory on its face ... Congress has unequivocally rejected that reasoning. The 1978 Act makes clear that it is discriminatory to treat pregnancy-related conditions less favorably than other medical conditions." 463 U.S. at ——, 103 S.Ct. at 2631. As this and other passages in the Court's opinion demonstrate, *see id.* 103 S.Ct. at 2631–32, it believed that the legislative history of the PDA rendered the correct result in *Newport News* self-evident.

Atlanta Gas Light argues, however, that the history of both this litigation and the EEOC's challenges to similar plans proves that the outcome was not so clearly foreordained as *Newport News* would suggest.

The defendant points out that the district court rendered summary judgment in its favor, and that other courts ruled similarly. *See, e.g., EEOC v. Joslyn Mfg. & Supply Co.*, 706 F.2d 1469, *vacated*, 724 F.2d 52 (7th Cir.1983); *EEOC v. Lockheed Missiles & Space Co.*, 680 F.2d 1243 (9th Cir.1982), *vacated*, —— U.S. ——, 103 S.Ct. 3530, 77 L.Ed.2d 1383 (1983); *EEOC v. Emerson Elec. Co.*, 539 F.Supp. 153 (E.D.Mo.1982). To accept these holdings as dispositive proof that the statute's meaning was unclear would, however, require us to place more weight on the lower courts' statutory analysis than on that of the Supreme Court. This we cannot do. The Supreme Court's role as final arbiter encompasses not only the power to define the meaning of a statute but also the power to announce whether or not that meaning is clear. For us to adhere to the Court's holding but not its reasoning would violate the rules of precedent which control our decision making processes.

The defendant also fails to satisfy the second and third *Huson* criteria. As the Court explained in *Albemarle*, retroactive application has been the historical rule for Title VII cases because both Congress and the courts have found it to further the statute's goals in two essential ways; by creating incentives for employers to "self-evaluate" and "shun practices of dubious legality" even before they are challenged in litigation, 422 U.S. at 417–18, 95 S.Ct. at 2371–72, and by "mak[ing] persons whole for injuries suffered on account of unlawful employment discrimination," *id.* at 418, 95 S.Ct. at 2372. The Court's decision not to apply its holdings retroactively in *Manhart* and *Norris* reflects not its sudden disapproval of the general rule, but rather its recognition of the extraordinary facts of those two cases. Retroactive compensation would have had "devastating results" in both instances, endangering the solvency of the plaintiffs' own pension fund in *Manhart*, and likewise jeopardizing the fiscal soundness of the plaintiffs' insurance program in *Norris*. In contrast, Atlanta Gas Light has not shown that the costs of making its victims whole will lead to such unac-ceptable results. In addition, we do not perceive that the burden of making the victims whole in this case will be distributed as inequitably as it would have been in *Manhart* and *Norris*. Whereas in those cases the costs of compensating the plaintiffs inevitably would have been shouldered by innocent third parties such as fellow pensioners and unwitting taxpayers—as well as by the plaintiffs themselves in the event of insolvency—here the burden will fall on the entity responsible for the discriminatory policy. For these reasons, we find retroactive relief appropriate.

Finally, the defendant challenges the district court's award of 12 percent interest on the retroactive awards. We find no abuse of discretion in the court's decision to take account of prevailing interest rates in formulating its order; on the contrary, that decision comports well with the *Albemarle* rule that victims of discrimination should be made as whole as possible under Title VII.

AFFIRMED.