**Carl D. SCHIFFMAN, Plaintiff,**

v.

**CIMARRON AIRCRAFT CORPORATION, Defendant.**

**No. CIV 83–1284–R.**

United States District Court, W.D. Oklahoma.

Aug. 8, 1985.

---

Mark A. Skof, Broken Arrow, Okl., for plaintiff.

Larry G. Cassil, Oklahoma City, Okl., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

This is a summary judgment on a claim that a male employee was discriminated against on the basis of sex because his wife received no maternity benefits under an employment-related group disability insurance policy. After the Equal Employment Opportunity Commission granted Plaintiff a Right to Sue, this suit was filed in the Northern District of Oklahoma. Defendant's Motion to Dismiss was denied. On Defendant's motion, venue was moved to this Court. Both parties filed Motions for Summary Judgment. While those motions were pending, the Supreme Court decided *Newport News Shipbuilding & Dry Dock Co. v. EEOC,* 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983). In view of *Newport News,* this Court requested and received supplemental responses from both counsel.

There was no Stipulation of Facts. Local Rule 14(b) requires that the brief in support of a motion for summary judgment begin with a concise statement of the material facts which are not at issue. Furthermore, the rule requires that those facts be numbered and include references to the portion of the record from which they are drawn. Neither counsel observed this rule. Local Rule 13(h) states: "Factual statements or documents appearing only in the briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court." In the interest of expediting the resolution of this case and since there appears to be no factual dispute, the Court will specifically consider those facts contained only in the briefs.

Defendant, Cimarron Aircraft, qualifies as an "employer" under the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Plaintiff was employed by Defendant from 1979 until sometime in 1981. Prior to early 1979, Defendant agreed to pay half the premium cost of any disability insurance policy the employees obtained as a group. The employees were to be responsible for the cost of the remaining half of each premium. Shortly after Plaintiff began working at Cimarron Aircraft, the employees met to vote on the policy coverage. The basic disability policy covered hospitalization and medical bills, but it excluded maternity benefits for both female employees and spouses of male employees. Full coverage was provided for spouses of female employees. A policy rider which covered maternity and dental benefits was rejected by a majority vote of the employees. At the time the vote was taken, Cimarron Aircraft had only one female employee, the unmarried daughter of the company president.

In April, 1979, Plaintiff's wife was hospitalized for pregnancy-related complications. She was hospitalized again in May, 1979, for childbirth. Those expenses were rejected from payment under the disability policy. Plaintiff's wife was once again hospitalized for pregnancy-related complications in 1980. This time 80% of the costs were paid under the policy. In February, 1981, Plaintiff's wife was hospitalized for the birth of a second child. Those costs were not paid under the policy.

Plaintiff brings this action under the Pregnancy Discrimination Amendment to the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k), alleging that he was discriminated against on the basis of sex. Because maternity benefits for his wife were excluded from the policy, Plaintiff claims that he did not receive the same level of compensation as would a female employee whose spouse could receive full coverage under the policy. Plaintiff asks for an injunction, reimbursement for the pregnancy-related medical expenses incurred on behalf of his wife, interest, costs and attorneys fees. Defendant claims that there was no intent to discriminate and that, in fact, there was no discrimination because the policy, as applied to this particular group of employees, did not realize greater compensation for female employees. The Defendant's only woman employee claimed no maternity benefits herself and had no husband to receive spousal benefits. Defendant requests the costs of defending this action, including attorneys fees.

## I.

The question presented is whether an employment-related group disability insurance policy discriminates against male employees on the basis of sex when that policy excludes pregnancy-related medical expenses for female employees and for spouses of male employees, but does not limit the medical coverage for spouses of female employees.

■ The law in this area has undergone considerable change during the last ten years. The Supreme Court held in *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), *reh'g denied*, 429 U.S. 1079, 97 S.Ct. 825, 50 L.Ed.2d 799 (1977), that the denial of maternity benefits to female employees under an employer's disability plan was not gender-based discrimination under Title VII of the Civil Rights Act of 1964. In 1978, Congress effectively overruled *Gilbert* by enacting the Pregnancy Discrimination Amendment (PDA) to the Civil Rights Act of 1964. *Newport News*, 462 U.S. at 670, 103 S.Ct. at 2624, 77 L.Ed.2d at 94. For the purposes of the Equal Employment Opportunities subchapter, the PDA added the following definition:

> (k) The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefits programs, as other persons not so affected but similar in their ability or inability to work, ....

42 U.S.C. 2000e(k) (in part). Under the PDA, it became unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of pregnancy. 42 U.S.C. § 2000e–2(a)(1). The legislative history of the PDA indicates that Congress meant to make it clear that distinctions based on pregnancy are *per se* violations of Title VII. H.R.Rep. No. 95–948, 95th Cong., 2nd Sess. 3, *reprinted in* 1978 U.S.Code Cong. & Ad.News 4749, 4751.

■ In *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983), the Supreme Court held that an employer's health plan, that had been amended to provide maternity benefits for female employees, discriminated against male employees because their spouses did not receive maternity benefits.[1] In assessing the impact of the PDA, the Court there stated:

> In short, Congress' rejection of the premises of General Electric v. Gilbert forecloses any claim that an insurance program excluding pregnancy coverage for female beneficiaries and providing complete coverage to similarly situated male beneficiaries does not discriminate on the basis of sex.

*Newport News*, 462 U.S. at 685, 103 S.Ct. at 2632, 77 L.Ed.2d at 103 (footnote omitted). It necessarily follows that discrimination against female spouses in the provision of fringe benefits results in discrimination against male employees. *Id.*

■ The Defendant's disability policy is a *per se* violation of Title VII because it draws unlawful distinctions based on pregnancy. While the effective date of the policy is not given, it is assumed to be in early 1979 since Plaintiff voted on the policy coverage after he began working there in 1979. Since the PDA went into effect on October 31, 1978, the policy failed from its inception to comply with the statute. 29

---

1. In its brief, Defendant relied on two cases which had held that under the PDA, benefit plans which excluded pregnancy-related medical expenses for spouses of male employees did not involve gender-based discrimination under Title VII. *EEOC v. Lockheed Missiles & Space Co.*, 680 F.2d 1243 (9th Cir.1982), *vacated*, 463 U.S. 1202, 103 S.Ct. 3530, 77 L.Ed.2d 1383 (1983), *on remand*, 710 F.2d 566 (9th Cir.1983); *EEOC v. Joslyn Mfg. & Supply Co.*, 706 F.2d 1469 (7th Cir.1983), *vacated on reconsideration*, 724 F.2d 52 (7th Cir.1983). The judgments in both cases were vacated as a result of *Newport News*. The Defendant's continued reliance on those cases was misplaced.

C.F.R. § 1604.10(b)(2). The fact that Defendant did not intend to discriminate is no defense to this liability. *Williams v. General Foods Corp.*, 492 F.2d 399, 404 (7th Cir.1974).

■ Defendant claims it is not responsible for any discrimination because the employees as a group were free to select any policy they wanted and because the Defendant's involvement was limited to paying only half of the premiums. The EEOC Guidelines for the PDA do not support that position:

> 23. Q. May an employer offer optional dependent coverage which excludes pregnancy-related medical conditions or offers less coverage for pregnancy-related medical conditions where the total premiums for the optional coverage is paid by the employee?
> A. No. Pregnancy-related medical conditions must be treated the same as other medical conditions under any health or disability insurance or sick leave plan *available in connection with employment*, regardless of who pays the premiums.

Guidelines on Discrimination Because of Sex, 29 C.F.R. Pt. 1604, App. (emphasis in original). The EEOC focuses its attention on the plan's "availability in connection with employment" rather than on who was the source of premium payments or on who had responsibility for selecting the plan. While the EEOC does not have Congressional authority to promulgate rules or regulations pursuant to Title VII, *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 431, 95 S.Ct. 2362, 2378, 45 L.Ed.2d 280, 304 (1975), the administrative interpretation by the EEOC, as the enforcing agency, is entitled to great deference. *Griggs v. Duke Power Co.*, 401 U.S. 424, 433–34, 91 S.Ct. 849, 854–55, 28 L.Ed.2d 158, 165 (1971).

■ The Defendant further claims it is not responsible for any discrimination because the employees voted to determine the policy coverage. A vote of the employees is comparable to labor union collective bargaining. Employers are not shielded from liability under Title VII if discrimination results from a collective bargaining agreement. *Taylor v. Armco Steel Corp.*, 373 F.Supp. 885 (S.D.Tex.1973). "The right to be free of discrimination is not one which can be bargained away by a union, by an employer, or by both acting in concert." *NOW, Inc., St. Paul Chapter v. Minn. Mining & Mfg. Co.*, 73 F.R.D. 467, 470 (D.Minn.1977). A majority vote of the employees, like a collective bargaining agreement, is no shield for an employer against Title VII liability.

This Court holds that the disability insurance plan made available to employees of the Defendant does not comply with the PDA and, therefore, discriminates against the Plaintiff by making an unlawful distinction based on pregnancy.

## II.

■ Defendant's liability raises the further question of whether the *Newport News* decision should apply retroactively to this Plaintiff. In *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–107, 92 S.Ct. 349, 355–356, 30 L.Ed.2d 296, 306 (1971), the Supreme Court created a three-part test to determine when a civil, non-constitutional precedent should be limited to only prospective application:

> 1. Does the decision establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed?
> 2. Will retrospective application of the rule further or retard its operation, considering the history of the rule, and its purpose and effect?
> 3. Will retroactivity create substantial inequities such as injustice or hardship for one of the parties?

*EEOC v. MTC Gear Corp.*, 595 F.Supp. 712 (N.D.Ill.1984) (paraphrasing the *Chevron* test). Under the *Chevron* test other jurisdictions have applied *Newport News* retrospectively. *MTC Gear Corp; EEOC v. Puget Sound Log Scaling & Grading Bureau*, 752 F.2d 1389 (9th Cir.1985); *EEOC*

387

*v. Atlanta Gas Light Co.*, 751 F.2d 1188 (11th Cir.1985). Since Defendant offers no argument against retroactive application, *Newport News* will be applied retroactive to the effective date of the disability insurance policy. Defendant will be liable for the pregnancy-related expenses incurred by Plaintiff's wife at the same percentage of coverage as was afforded spouses of female employees under the policy.

The parties have 15 days to stipulate as to the amount of damages or the matter will be set down for trial on the damages only.

■ Since Plaintiff is no longer employed by Defendant and any parties to be benefited by Plaintiff's requested injunction are not before the Court, Plaintiff's request for an injunction is denied. *Gregory v. Litton Systems, Inc.*, 472 F.2d 631, 633 (9th Cir.1972).

Accordingly, Plaintiff's Motion for Summary Judgment is granted as to liability and denied as to the damages and injunction. Defendant's Motion for Summary Judgment is denied.