**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,**

v.

**TEXAS INDUSTRIES, INC., Defendant-Appellant.**

**No. 85–1599**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1986.

Susan Hamelin Baldwin, Dallas, Tex., for defendant-appellant.

Colleen M. O'Connor, Washington, D.C., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

The Equal Employment Opportunity Commission (EEOC) brought this suit in January 1984 against Texas Industries, Inc. (Texas Industries) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) (the Act). On June 20, 1983, the Supreme Court had decided in *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983), that an employer violates the Act by providing limited pregnancy benefits for wives of male employees while affording more extensive health insurance coverage for spouses of male and female employees for other conditions requiring hospitalization. Texas Industries thereafter amended its health insurance plan to conform with this ruling, and reimbursed spouses for pregnancy-related expenses incurred after June 20, 1983, in accordance with its plan. The EEOC then brought this suit seeking recovery of benefits for employees' spouses who incurred pregnancy-related expenses between April 29, 1979, the effective date of the Act's requirements, and June 20, 1983. The defendant admitted that its conduct during this period was held to be unlawful in *Newport News,* but maintained that it was not a violation of the Act until the *Newport News* decision. The district court applied *Newport News* retroactively and found for the EEOC. Texas Industries appeals. Finding that *Newport News* should be applied retroactively, we affirm.

### Facts and Proceedings Below

In 1978 Congress amended Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by the Pregnancy Discrimination Act, Pub.L. No. 95–555, 92 Stat. 2076 (1978) (codified at 42 U.S.C. § 2000e(k)).[1] The Act makes it an unlawful employment practice under Title VII to discriminate on the basis of pregnancy. Although the Act became effective on the date of its enactment, October 31, 1978, Congress allowed 180 days after the enactment, until April 29, 1979, for employers to

---

1. 42 U.S.C. § 2000e(k) provides in relevant part: "(k) The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e–2(h) of this title shall be interpreted to permit otherwise."

adapt existing benefit plans to meet the Act's requirements. 92 Stat. 2076. On April 29, 1979, Texas Industries amended its employee health insurance plan to treat pregnancy-related hospital and medical expenses of its employees on the same basis as other employee medical costs. However, it did not adjust its insurance coverage of employees' spouses to provide the same level of benefits for pregnancy-related expenses that it provided for other medical expenses.

Two male employees of Texas Industries filed individual charges of discrimination against Texas Industries with the EEOC on October 26, 1979, and November 7, 1979, each claiming that Texas Industries' health insurance plan discriminated against him based on his sex. The EEOC issued letters of determination for the charges on November 20, 1980, finding reasonable cause to believe that Texas Industries' health insurance plan violated Title VII.

On June 20, 1983, the Supreme Court issued its decision in *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983), holding that the Act requires that an employer provide pregnancy-related benefits to spouses of its employees on the same basis that it provides other health benefits. Texas Industries conformed its health insurance plan to this decision, reimbursing expenses incurred after June 20, 1983, in accordance with its reformed plan.

The EEOC filed this suit on January 13, 1984, alleging that Texas Industries had discriminated against its male employees in violation of Title VII by providing a lower level of health insurance benefits for their spouses than for spouses of its female employees from April 29, 1979, to June 20, 1983. The EEOC filed a motion for partial summary judgment on the issue of liability, relying on *Newport News*. Texas Industries responded with a cross-motion for summary judgment, arguing that *Newport News* should not have retroactive effect and thus its health plan was not in violation of Title VII prior to June 20, 1983. The district court granted plaintiff's motion and denied defendant's. After the parties reached an agreement on the damages, the district court entered judgment in accordance with the agreement on August 20, 1985, awarding a total of $142,553.96 damages with prejudgment interest.

Texas Industries brings this appeal raising only the issue of whether *Newport News* should be applied retroactively to April 29, 1979, the day on which the Act specifies its provisions are to become effective.

### Discussion

■ The general common law rule is that judicial decisions are given retroactive effect. As both parties have observed, we determine exceptions to the rule in civil cases by considering the factors described by the Supreme Court in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971):

"First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' " *Id.*, 92 S.Ct. at 355 (citations omitted).

*See also Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982).

The Supreme Court has denied retroactive application in only two Title VII cases. In *Los Angeles Department of Water & Power v. Manhart*, 435 U.S. 702, 98 S.Ct. 1370, 55 L.Ed.2d 657 (1983), the Court decided that an employer's requirement that

female employees make larger contributions to its pension fund than male employees violated Title VII. 98 S.Ct. at 1380. However, the Court found retroactive relief inappropriate because of the complexity of the problem and the employer's reasonable expectation that its conduct was lawful. The Court was particularly concerned that the potential economic impact "could be devastating for a pension fund." *Id.* at 1382. Likewise, in *Arizona Governing Committee v. Norris,* 463 U.S. 1073, 103 S.Ct. 3492, 77 L.Ed.2d 1236 (1983), the Supreme Court denied retroactive liability when it held that Title VII prohibits an employer from providing a pension program that pays lower monthly benefits to women than to men who have made the same contributions. *Id.,* 103 S.Ct. at 3496–3502 and 3509–10. Again, the difficulty of predicting the result and the potentially "devastating" economic consequences prompted the Court to apply its ruling prospectively. *Id.* at 3510 (Powell, J.).

■ An examination of *Newport News* in light of *Huson* demonstrates that, unlike *Manhart* and *Norris, Newport News* should be applied retroactively. Other jurisdictions addressing *Newport News* have concluded that it should be retroactively applied. *See EEOC v. Puget Sound Log Scaling & Grading Bureau,* 752 F.2d 1389 (9th Cir.1985); *EEOC v. Atlanta Gas Light Co.,* 751 F.2d 1188 (11th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 333, 88 L.Ed.2d 316 (1985); *Schiffman v. Cimarron Aircraft Corp.,* 615 F.Supp. 382 (W.D. Okla.1985); *EEOC v. MTC Gear Corp.,* 595 F.Supp. 712 (N.D.Ill.1984).

First, and foremost, *Newport News* did not overrule a clear past precedent on which Texas Industries may have justifiably relied; nor did it decide an issue of first impression whose resolution was not clearly foreshadowed. In *Newport News,* the Supreme Court relied primarily on the legislative history of the Pregnancy Discrimination Act in deciding that the Act reaches pregnancy-related benefits of employees' spouses. The majority opinion states that by the Act Congress "unambiguously expressed its disapproval of both the holding and the reasoning" of *General Electric Co. v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), in which the Court upheld an insurance plan that excluded pregnancy-related disabilities. 103 S.Ct. at 2628–32. The majority stated that the Act "makes clear that it is discriminatory to treat pregnancy-related conditions less favorably than other medical conditions." *Id.* at 2631. As the Eleventh Circuit has noted, the *Newport News* opinion demonstrates that the Supreme Court "believed that the legislative history of the [Act] rendered the correct result in *Newport News* self-evident." 751 F.2d at 1190. Because the Supreme Court found that Congress clearly intended to change the relevant law, its ruling should be applied retroactively to the effective date of the Act.

Texas Industries argues that the mixed signals sent by the lower courts before the Supreme Court's decision in *Newport News* indicate that the Court's resolution of the issue was not clearly foreshadowed. However, in *United States v. Estate of Donnelly,* 397 U.S. 286, 90 S.Ct. 1033, 25 L.Ed.2d 312 (1970), the Supreme Court stated:

"Acts of Congress are generally to be applied uniformly throughout the country from the date of their effectiveness onward.... Deviant rulings by circuit courts of appeals, particularly in apparent dictum, cannot generally provide the 'justified reliance' necessary to warrant withholding retroactive application of a decision construing a statute as Congress intended it. In rare cases, decisions construing federal statutes might be denied full retroactive effect, as for instance where this Court overrules its own construction of a statute ...." *Id.,* 90 S.Ct. at 1038.

In 1979, the EEOC issued interpretive guidelines announcing its position that the Pregnancy Discrimination Act requires insurance programs to cover pregnancy-related conditions for employees' spouses to the same extent that it covers other medical conditions of employees' spouses. 44 Fed. Reg. 23804, 23807–08 (April 20, 1979).

Contrary to the EEOC's interpretation, several courts ruled that the Title VII prohibitions as amended by the Act do not extend to insurance coverage for nonemployees. *See, e.g., EEOC v. Joslyn Manufacturing & Supply Co.,* 524 F.Supp. 1141 (N.D.Ill. 1981), *aff'd,* 706 F.2d 1469, *vacated,* 724 F.2d 52 (7th Cir.1983); *EEOC v. Lockheed Missiles & Space Co.,* 27 FEP Cases 1209, 1210 (N.D.Cal.1981), *aff'd,* 680 F.2d 1243 (9th Cir.1982), *vacated,* 463 U.S. 1202, 103 S.Ct. 3530, 77 L.Ed.2d 1383 *remanded for reconsideration in light of Newport News,* 710 F.2d 566 (9th Cir.1983); *EEOC v. Emerson Electric Co.,* 539 F.Supp. 153, 158 (E.D.Mo.1982). However, other courts decided the issue in accordance with the EEOC guidelines. *Newport News Shipbuilding & Dry Dock Co. v. EEOC,* 682 F.2d 113 (4th Cir.1982) (en banc) (reversing 510 F.Supp. 66 (E.D.Va.1981)), *aff'd,* 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983); *United Teachers—Los Angeles v. Board of Education,* 31 FEP Cases 943 (C.D.Cal.1982), *aff'd in light of Newport News,* 712 F.2d 1349 (9th Cir.1983). This Court did not have occasion to rule on the matter.

Although the EEOC's pronouncement does not have the effect of law, *Manhart,* 98 S.Ct. at 1381 n. 36, it is entitled to a measure of deference unless "it can be said not to be a reasoned and supportable interpretation" of the Act. *Whirlpool Corp. v. Marshall,* 445 U.S. 1, 100 S.Ct. 883, 890, 63 L.Ed.2d 154 (1980); *see EEOC v. Shell Oil Co.,* 446 U.S. 54, 104 S.Ct. 1621, 1636 n. 36, 80 L.Ed.2d 41 (1984). The earliest indications of judicial disapproval of the rule stated in the EEOC guidelines came in 1981, two years after the guidelines were issued. In the ensuing debate among the federal courts, there emerged no clear precedent on which Texas Industries could have relied. Yet the inconsistent lower court interpretations do not mean that the Supreme Court's conclusion in *Newport News* was not clearly foreshadowed. *Estate of Donnelly, supra.* We do not believe that the "clean break" with prior law contemplated by *Huson* occurs "every time the Supreme Court clarifies the law by resolving an issue on which there is circuit

conflict and confusion." *Edwards v. Sea-Land Service, Inc.,* 720 F.2d 857, 862–63 (5th Cir.1983).

In *Newport News,* the Supreme Court made clear not only that its ruling was dictated by the intent of the Act, but also that its previous decisions foreshadowed the result. The Court cited opinions in several of its prior cases as indicating that "if the spouses of female employees receive less favorable treatment in the provision of benefits, the practice discriminates not only against the spouses but also against the female employees on the basis of sex." 103 S.Ct. at 2630 n. 22. Furthermore, the Court noted that several EEOC decisions in 1970 had declared that different insurance coverage for spouses of male and female employees violates Title VII. 103 S.Ct. at 2630 n. 22. The *Newport News* majority obviously believed that its holding could have been anticipated by the employer.

In contrast, the Supreme Court's interpretation of Title VII in *Manhart* and *Norris* was not based on a congressional change in the law, nor were its holdings foreshadowed by previous judicial developments. In *Manhart,* the Court noted that employers could reasonably have relied on the silence of the courts and conflicting advice from administrative agencies in assuming their conduct to be lawful. 98 S.Ct. at 1381–82. Because the *Manhart* ruling represented "a marked departure from past practice," *id.* at 1382, it was not applied retroactively. The *Norris* ruling also was not applied retroactively because employers reasonably could have assumed that it was lawful to provide a pension plan with annuities offered by insurance companies on the open market. 103 S.Ct. at 3510.

We hold, then, that the first *Huson* factor plainly favors retroactivity. We incline to the view that this first factor is "the threshold test" for nonretroactivity, *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 2587 n. 12, 73 L.Ed.2d 202 (1982), so that "retroactivity is not at issue if there is no 'new law.'" *Nations v. Sun Oil Company,* 705 F.2d 742, 744 (5th Cir. 1983). And, we should be particularly re-

luctant to depart from the usual judicial principle of retroactivity with respect to a decision in which the Supreme Court provides the initial fully authoritative construction of an amendatory statute expressly providing a specific, prospective effective date. Perhaps exceptions are appropriate where necessary to avoid massively disastrous consequences. However, as noted below, that is not the case here. Nevertheless, in the interest of completeness, we also briefly consider the other *Huson* factors. They do not sufficiently support nonretroactivity to justify that unusual result.

In applying the second *Huson* factor, we must consider the "purpose and effect" of the *Newport News* ruling and "whether retrospective operation will further or retard its operation." 92 S.Ct. at 355. The rule that retrospective relief is normally awarded in Title VII cases is intended to implement both the remedial purposes of Title VII and the goal of eradicating discrimination in employment. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 95 S.Ct. 2362, 2373, 45 L.Ed.2d 280 (1975). In both *Manhart* and *Norris*, the Court recognized that retroactive relief normally promotes the purposes of Title VII, but was persuaded by other equitable factors peculiar to the pension plan context. Certainly the second *Huson* factor does not strongly point to nonretroactivity in the present context.

The third criterion under *Huson* prompts us to consider "substantial inequitable results" of retroactive relief. 92 S.Ct. at 355. In *Manhart* and *Norris*, the Supreme Court was concerned that retroactive application of its decision would have had devastating results. The many Americans who rely upon pension funds would have been harmed by changes in the law that threatened the solvency of these programs. *Manhart*, 98 S.Ct. at 1381–83. In *Norris*, the Court found that the cost of retroactive compliance for all employer-sponsored pension plans would have been "from $817 to $1260 million annually for the next 15 to 30 years." 103 S.Ct. at 3510 (footnote omitted). Remedying discrimination in the con-

text of pregnancy-related health insurance benefits does not raise the same specter of harm to the insurance plans. In this case, Texas Industries admits that the district court was correct in finding that the imposition of retroactive liability would not jeopardize the fiscal soundness of its health insurance program. Furthermore, as the Eleventh Circuit observed, the burden of remedying the violation in this context is not likely to be distributed as inequitably as the larger burden anticipated in *Manhart* and *Norris:*

> "Whereas in those cases the costs of compensating the plaintiffs inevitably would have been shouldered by innocent third parties such as fellow pensioners and unwitting taxpayers—as well as by the plaintiffs themselves in the event of insolvency—here the burden will fall on the entity responsible for the discriminatory policy." *Atlanta Gas Light Co.*, 751 F.2d at 1191.

Finally, as gauged by the Supreme Court's language in *Newport News*, employers could more readily have anticipated that the Act would require equal benefits for pregnancy-related expenses of employees' spouses than the pension fund administrators in *Manhart* and *Norris* who had more reasonable grounds for their conduct. Even if Texas Industries believed in good faith that it was in compliance with Title VII, the absence of bad faith does not justify the denial of retroactive relief. *Albemarle*, 95 S.Ct. at 2374.

In the present context, the important consideration is not so much whether one should have actually predicted the result in *Newport News*, but is rather that that result should have been seen as, at the least, a significantly realistic possibility.

Texas Industries has not demonstrated the special circumstances necessary to overcome the presumption of retroactive application.

### Conclusion

Finding that the Supreme Court's decision in *Newport News Shipbuilding & Dry Dock Co. v. EEOC*, 462 U.S. 669, 103 S.Ct. 2622, 77 L.Ed.2d 89 (1983), should be ap-

plied retroactively to the effective date of the Pregnancy Discrimination Act, we affirm.

AFFIRMED.