**CAMDEN I. CONDOMINIUM ASSOCIATION INC., Camden L. Condominium Association, Inc., Cambridge A. Condominium Association, Inc., Cambridge I. Condominium Assoc., Inc., et al., Plaintiffs-Appellants,**

v.

**John B. DUNKLE, etc., et al., Defendants-Appellees.**

No. 86–5144.

United States Court of Appeals, Eleventh Circuit.

Dec. 18, 1986.

Rehearing and Rehearing En Banc Denied Jan. 28, 1987.

Rod Tennyson, Powell, Tennyson & St. John, P.A., Leon St. John, West Palm Beach, Fla., for plaintiffs-appellants.

Marlyn J. Altman, Asst. Co. Atty., West Palm Beach, Fla., for Palm Beach County.

John C. Randolph, Johnston, Sasser, Randolph & Weaver, West Palm Beach, Fla., for John B. Dunkle.

Before CLARK, EDMONDSON and KEITH *, Circuit Judges.

EDMONDSON, Circuit Judge:

This case deals with the retroactivity of a United States Supreme Court decision invalidating a state law. According to Fla. Stat.Ann. sec. 28.33 (West 1974), all interest earned on funds deposited in court registries was deemed to be income of the office of the clerk of each court. The United States Supreme Court declared that statute unconstitutional in 1981.

Plaintiffs/appellants filed this action in the United States District Court for the Southern District of Florida, seeking recovery of interest paid on funds deposited prior to 1981 with the clerk of the court of the Palm Beach County, Florida. The district court granted defendants' motion to dismiss, holding that the Supreme Court decision invalidating the statute did not apply to funds deposited before the date of the decision. Plaintiffs appealed to this court. We vacate and remand for further proceedings.

FACTS

Plaintiffs in this case were at one time parties to court proceedings in Palm Beach County, Florida. Allegedly, plaintiffs deposited funds with the clerk of the court of that county, pursuant to certain Florida statutes.[1] The clerk then deposited those funds in an interest-bearing account. According to Fla.Stat.Ann. sec. 28.33 (West 1974), the interest was public income.[2]

In 1981, the United States Supreme Court held that Fla.Stat.Ann. sec. 28.33 was an unconstitutional taking of private property. *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980). The Florida Legislature later amended the statute.[3]

Plaintiffs filed suit in May, 1983, seeking recovery of the interest paid on funds that they had deposited in the Palm Beach County court registry before the date of the *Beckwith* decision. Defendants filed a motion to dismiss the case, which plaintiffs answered. In July, 1983, plaintiffs filed a motion to certify the case as a class action. The district court never ruled on that motion. On January 30, 1986, the district court, without conducting an evidentiary hearing, granted the defendants' motion to dismiss the case. The court based its decision on a finding that *Beckwith* should not be applied retroactively. This appeal followed.

DISCUSSION

■ The sole question on appeal is whether the holding in *Beckwith* should be applied retroactively. Our analysis of this issue must begin with *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), which set out the framework for determining retroactivity in civil cases. In that case, the Supreme Court noted the strong presumption that judicial decisions are retroactive and set

---

* Honorable Damon J. Keith, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. It is not clear from the pleadings in this case exactly which Florida statutes were involved in those earlier proceedings.

2. Section 28.33 provided: "All interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court investing such moneys and shall be deposited in the same accounts as are other fees and commissions of the clerk's office." Fla.Stat.Ann. sec. 28.33 (West 1974).

3. Section 28.33 was amended to read, "Except for interest earned on moneys deposited in the registry of the court, all interest accruing from moneys deposited shall be deemed income of the office of the clerk of the circuit court investing such moneys and shall be deposited in the same account as are other fees and commissions of the clerk's office." 1982 Fla.Laws c. 82–117, sec. 1, *codified at* Fla.Stat.Ann. sec. 28.33 (West Supp.1983).

out the three factors that mitigate against retroactivity:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." Finally, we have weighed the inequity imposed by retroactive application for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Id.* at 106–07, 92 S.Ct. at 355 (citations omitted). The party seeking to avoid retroactive application has the burden of persuasion. *Cash v. Califano,* 621 F.2d 626, 629 (4th Cir.1980); *cf. EEOC v. Atlanta Gas Light Co.,* 751 F.2d 1188 (11th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 333, 88 L.Ed.2d 316 (1985).

In analyzing the first *Chevron* factor, we note that it may not have been wholly unreasonable for the county clerk to rely on the statutes, which were presumptively constitutional when enacted, and one of which was upheld by Florida's state supreme court. *See generally Beckwith v. Webb's Fabulous Pharmacies, Inc.,* 374 So.2d 951 (Fla.1979), *rev'd,* 449 U.S. 155, 101 S.Ct. 446, 66 L.Ed.2d 358 (1980). This reliance, however, weighs lightly against retroactivity. The statutes did not require the county clerks to invest the funds and appropriate the interest; the statutes only authorized the clerks to do so. Consequently, each clerk who elected to collect interest assumed the risk that these stat-

utes would ultimately be found unconstitutional. Moreover, when section 74.051 became effective in 1965, at least one state's highest court had already found a similar statute to violate the federal Constitution. *McMillan v. Robeson County,* 262 N.C. 413, 137 S.E.2d 105 (1964). In 1972, one year before the effective date of section 28.33, another state supreme court struck down another such statute as contrary to the federal Constitution. *Sellers v. Harris County,* 483 S.W.2d 242 (Tex.1972).

The United States Supreme Court's opinion in *Beckwith,* which reversed the Florida state supreme court, did not overrule any federal court precedent. Nor can we say that the holding in *Beckwith* was not clearly foreshadowed. The Florida high court's decision validating the pertinent statute was apparently the first and only reported decision upholding such statutes appropriating interest on deposited funds. *See generally McMillan v. Robeson County,* 262 N.C. 413, 137 S.E.2d 105 (1964); *Sellers v. Harris County,* 483 S.W.2d 242 (Tex.1972).

The Supreme Court in *Beckwith* recognized that, "[t]he usual and general rule is that any interest on an interpleaded and deposited fund follows the principal and is to be allocated to those who are ultimately to be the owners of that principal." *Beckwith* 449 U.S. at 162, 101 S.Ct. at 451. *See also, Phillips Petroleum Co. v. Hazlewood,* 534 F.2d 61 (5th Cir.1976);[4] *James Talcott, Inc. v. Allahabad Bank, Ltd.,* 444 F.2d 451 (5th Cir.), *cert. denied,* 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971); *Globe Indemnity Co. v. Puget Sound Co.,* 154 F.2d 249 (2d Cir.1946). *Cf. Hatch v. Minot,* 369 So.2d 974 (Fla.App.) (payment of funds to proper party may include interest because retention of funds has benefitted party who has held it and injured party to whom it is owed), *cert. dismissed,* 373 So.2d 458 (Fla.1979). In short, nothing in the *Beckwith* opinion "indicated that the issue involved was novel, that innovative

---

4. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981), this court adopted as precedent all decisions of the former Fifth Circuit Court of Appeals decided prior to October 1, 1981.

principles were necessary to resolve it, or that the issue had been settled in prior cases in a manner contrary to the view held by [that Court]." *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 496, 88 S.Ct. 2224, 2233, 20 L.Ed.2d 1231 (1968).

The second inquiry is whether the purpose of the *Beckwith* rule will be furthered or retarded by prospective application of the holding. The defendants argue that because the offensive language of section 28.33 has been deleted from the statute, the purpose of *Beckwith* has been accomplished. This argument is not persuasive. The gist of *Beckwith* was that all interest earned on all deposited money belonged not to the county, but to those people ultimately held to be the owners of the deposited funds. When Florida counties spent money received under the old statutes, they spent money that did not belong to them. It is not sufficient that current or future depositors will not lose money. The best way to further the *Beckwith* ruling is to restore already confiscated money to those people to whom the Supreme Court has said it belongs.

The final factor is whether retroactivity would cause substantial inequitable results. Because the reliance factor and the purpose factor weigh lightly for prospective application, this final factor will determine if *Beckwith* is to be applied only prospectively. The district court held that "it could well work a hardship on the court clerk if the moneys were required to be returned at this time"; however, the court held no hearing on the matter, and the record is devoid of any evidence supporting this conclusion.

We recognize that repayment of the interest might impose a heavy burden, not only on Palm Beach County, but on every other county in Florida. The interest provisions of the pertinent statutes have been in effect for many years. In this case alone, plaintiffs claim that they are due a refund in excess of one million dollars. A holding of retroactivity in this case would likely prompt similar suits involving similar claims throughout Florida.

Some potential, economic hardship, however, would not necessarily preclude retroactive application of *Beckwith*. Retroactive application is precluded only when necessary to prevent *substantial* inequity. *Williams v. City of Atlanta*, 794 F.2d 624, 628 (11th Cir.1986); *cf. Acoff v. Abston*, 762 F.2d 1543, 1548 n. 6 (11th Cir.1985). Examples of such substantial inequity include: (1) infringement on the property rights of innocent parties, *Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900–01, 23 L.Ed.2d 647 (1969); *EEOC v. Atlanta Gas Light Co.*, 751 F.2d 1188, 1191 (11th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 333, 88 L.Ed.2d 316 (1985); (2) denial of access to the courts, *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 88, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982); *Chevron Oil Co. v. Huson*, 404 U.S. 97, 108, 92 S.Ct. 349, 356, 30 L.Ed.2d 296 (1971); (3) double payment, *Morrison, Inc. v. Donovan*, 700 F.2d 1374 (11th Cir.1983); and (4) substantial risk of insolvency. *Cf. Atlanta Gas Light Co.*, 751 F.2d at 1191.

Defendants have presented no evidence of substantial inequities, and we decline to allow the important issue in this case to be decided on the basis of unsubstantiated speculation. We anticipate that the risk of insolvency for local governments, the risk of deep cuts in government services necessary to innocent citizens, and the risk of overtaxing innocent taxpayers are critical inquiries in this case; but other matters may also be relevant.

Accordingly, we VACATE the judgment of the district court and REMAND this case for consideration of the burden that retroactive application of *Beckwith* would place, in fact, on Florida local governments and for other proceedings consistent with this opinion.